**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )          Case No. 2:25-CR-00139-LEW |
| | ) |
| RODRIGUE MUCYO | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

## 1. Introduction

The Defendant Rodrigue Mucyo, by and through his counsel, respectfully submits this sentencing memorandum in advance of his upcoming sentencing hearing. Mr. Mucyo respectfully asks this Honorable Court to impose a sentence that is sufficient, but not greater than necessary, under Title 18, United States Code (U.S.C.) section (§) 3553(a).   More specifically, Mr. Mucyo respectfully requests this Honorable Court impose a sentence of time served followed by a period of supervised release. This recommended sentence recognizes the seriousness of the offense, the Defendant's acceptance of responsibility, youth, familial obligations, personal history, potential immigration issues, lack of reliable evidence supporting disputed allegations that he fired a firearm, and his stated plan for lawful reentry into society.

## 2. Procedural Background and Sentencing Exposure

Ms. Mucyo stands before this Honorable Court convicted of Count 1 of the Indictment (ECF #1):   possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).

1

The statutory penalties are a maximum prison term of fifteen (15) years, a maximum fine of $250,000, a special assessment of $100, and a period of supervised release of not more than three (3) years.  In the Plea Agreement (ECF #23) in this case, the parties agree to recommend acceptance of responsibility under U.S.S.G. § 3E1.1.  The agreement also contains an appeal waiver for a sentence of imprisonment that does not exceed thirty (30) months and a forfeiture or transfer of the identified firearm: Sig Sauer P365, serial number NRA070480.

### 3. Defense Objection

Mr. Mucyo objects to any statement or implication that Mr. Mucyo "shot back" or fired a firearm on or about February 9, 2024.  Discovery provided by the Government and reviewed do not provide any credible evidence that he fired a firearm on that date. As indicated in other filings, no ballistic or firearm reports showing Mr Mucyo  fired a firearm.    Further there were no gunshot residue (GSR) test results indicating he fired a firearm and the projectiles located at the scene that could be matched to a firearm possessed by Mr. Mucyo.  Accordingly, Mr. Mucyo respectfully asks this Honorable Court to sentence Mr. Mucyo based on reliable facts, not unsupported allegations. The sentence should be based on the offense of conviction and the established record. Any disputed allegation of firearm discharge should not drive the sentence unless the Court finds it supported by reliable evidence.

### 4. Legal Framework

Under 18 U.S.C. § 3553(a), the Court must impose a sentence that is sufficient, but not greater than necessary to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. The advisory guideline range is

the starting point, but it is not the endpoint. The Court must consider the nature and circumstances of the offense, Mr. Mucyo's history and characteristics, the need for the sentence imposed, the available sentencing options, the need to avoid unwarranted disparities, and a sentence which promotes rehabilitation.   See *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) ("sufficient, but not greater than necessary, to comply with the purposes [of sentencing] set forth in 18 U.S.C. § 3553(a)(2)").

### 5.  § 3553(a) Analysis

Mr. Mucyo acknowledges the seriousness of his convicted offense.  Possession of a firearm by a prohibited person is serious.  This Honorable Court rightly should recognize the public-safety concerns associated with unlawful firearm possession.  Mr. Mucyo does not minimize his conduct.  Nevertheless, the offense is possession, not a proven incident of a firearm discharge.  The Defendant disputes any unsupported claim that Mr. Mucyo fired a firearm.   He respectfully asks the Court not to sentence him as though that allegation was proven true.

#### History and Characteristics of Mr. Mucyo

Mr. Mucyo was 22 years old at the time this federal case began.  He was born in Rwanda in a refuge camp.  According to the Revised Presentence Investigation Report (PSR) (ECF #35), available records place his earliest known State of Maine ties to around the year 2018. Despite this, Mr. Mucyo learned English and worked to assimilate in to U.S. society.

The PSR admittedly reflects poor decisions beginning at a young age.  Certainly, the fact Mr. Mucyo had little involvement of his father in his life contributed to some of these poor choices.   Nevertheless, Mr. Mucyo remains young enough for the benefits

of rehabilitation and redirection to be realized.   Mr. Mucyo identifies faith, family, and lawful business/work as the pillars of his reentry plan.  Mr. Mucyo's past is serious, but his future is not set in stone. His youth, family responsibilities, and expressed commitment to lawful work support a sentence that punishes while preserving a realistic and attainable path to rehabilitation.  Additionally, it is noteworthy that while incarcerated serving his state sentence, Mr. Mucyo completed a four (4) month program.  This is reflected in the Tier 2 certificate and referred to in paragraph 66 in the PSR.

### Acceptance of Responsibility

Mr. Mucyo pleaded guilty in this case.  By doing so Mr. Mucyo spared the Government the expense of a trial.  Further, the parties agree to recommend the acceptance reduction under U.S.S.G. § 3E1.1.  Mr. Mucyo's PSR also reflects his genuine remorse and responsibility. Specifically, Mr. Mucyo indicated he was sorry he possessed the firearm, "I own my mistakes," and "it will never happen again in the future."  It has taken a significant period at the Maine Department of Corrections for Mr. Mucyo to realize being incarcerated is not something to experience again.

### Family Responsibilities and Future Plans

Defense Exhibit 1 contains a handwritten letter from the Defendant to this Honorable Court. Noteworthy in this letter, Mr. Mucyo refers to his daughter and mother. He wants his daughter to be proud of him.  Further, he wants to help his mother after the worry he has caused.  Mr. Mucyo wants to work hard and grow a business lawfully. Accordingly, Mr. Mucyo asks for a sentence which encourage the very things that reduce recidivism: family stability, lawful employment, accountability, and supervision.

**Need For Deterrence and Public Protection**

Mr. Mucyo submits a federal felony conviction, imprisonment already served, forfeiture of the firearm, and supervised release will ensure real deterrence. Additional incarceration beyond what is necessary may not improve public safety, especially at his young age surrounded by likely much older offenders.   Structured supervision can directly address the risks presented by the case.  Undersigned counsel and Mr. Mucyo have reviewed the standard and special conditions contained in the PSR.  Mr. Mucyo agree to these conditions and will abide by them.

## 6. Conclusion

For the foregoing reasons, Mr. Mucyo respectfully asks the Court to impose a time served sentence with supervised release with conditions as outlined in the PSR. The requested sentence reflects the federal conviction on his record, his acceptance of responsibility, and individualized mitigation.  Such a sentence further avoids treating unsupported disputed conduct as proven and fits within the statutory sentencing framework and the advisory nature of the Guidelines.

**Dated this 13th day of July 2026**.

/s/ Matthew A. Crockett
Counsel for Defendant Rodrigue Mucyo

## CERTIFICATE OF SERVICE

I do hereby certify that on the above date I attempted to make service of the above pleading by electronically filing the same using the Court's EM/ECF system.

/s/ Matthew A. Crockett
Counsel for Defendant Rodrigue Mucyo

5